IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WAYNE A. HOLMES, | ) |
|     Plaintiff, | ) ) ) |
| v. | )   Case No. 21 C 2504 ) |
| LOUIS DEJOY, Postmaster General, United States Postal Service, | ) ) ) ) |
|     Defendant. | ) ) |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Wayne A. Holmes has filed a suit against Postmaster General Louis DeJoy for breach of a collective bargaining agreement. For simplicity's sake, the Court will refer to the defendant as the Postal Service. The Postal Service has moved to dismiss for failure to state a claim and for lack of subject matter jurisdiction. For the reasons stated below, the Court grants the motion to dismiss.

### Background

Holmes is employed by the Postal Service as a custodian. He and other employees are represented by American Postal Workers Union, AFL-CIO (the union), a labor union. The Postal Service and the union entered into a collective bargaining agreement (CBA) that required any dispute arising from the CBA to be submitted to arbitration for resolution.

In 2019, Holmes filed a suit against the union alleging that it breached its duty of fair representation by failing to satisfactorily resolve grievances related to custodial

staffing issues. *Holmes v. Am. Postal Workers Union*, No. 19 C 5725 (N.D. Ill.) (*Holmes I*). Holmes amended his complaint in *Holmes I* to add the Postal Service as a defendant, alleging that it breached the collective bargaining agreement by improperly staffing custodians. On August 6, 2020, the judge in *Holmes I* dismissed the case because, separate from Holmes's lawsuit, the union and the Postal Service had reached a class action settlement on the custodial staffing issue. Holmes received compensation from the settlement.

In the present case, Holmes alleges that the Postal Service violated the terms of the CBA by failing to staff the contractually mandated number of custodians in the Uptown facility. On March 20, 2020, Holmes asked the union to submit the grievance to arbitration. On October 20, 2020, Holmes submitted the grievance to the Postal Service, which denied his request. Holmes filed this suit on May 10, 2021, alleging that the Postal Service breached the CBA and seeking to compel arbitration. As indicated earlier, the Postal Service has moved to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), contending that the suit is untimely and is barred by res judicata and that Holmes lacks standing to sue.

## Discussion

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). However, the standard is "considerably relaxed" for *pro se* complaints, *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1028 (7th Cir. 2013), and the Court must "interpret the *pro se* complaint

liberally," *Sause v. Bauer*, 138 S. Ct. 2561, 2563 (2018).

Federal Rule of Civil Procedure 12(b)(1) permits a party to move to dismiss a complaint for lack of subject matter jurisdiction. Fed. R. Civ. P 12(b)(1). "Federal courts are courts of limited jurisdiction; 'they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto.'" *Smart Transp. Div. v. Ne. Ill. Reg'l Commuter R. Corp.*, No. 14 C 7828, 2015 WL 1593082, at *1 (N.D. Ill. Apr. 6, 2015) (quoting *Transit Express, Inc. v. Ettinger*, 246 F.3d 1018, 1023 (7th Cir. 2001)). As the party invoking federal jurisdiction, Holmes bears the burden to establish that the Court has subject matter jurisdiction over his complaint. *See Transit Express*, 246 F.3d at 1023.

**A.     Jurisdictional challenge**

The Postal Service argues, first, that Holmes lacks standing to sue. "If the plaintiff lacks standing, the federal court lacks subject matter jurisdiction, and the suit must be dismissed under Rule 12(b)(1)." *Taylor v. Cament*, 875 F.3d 849, 853 (7th Cir. 2017).

Holmes brings his suit under the Postal Reorganization Act (PRA), which states that "suits for violation of contracts between the Postal Service and a labor organization representing Postal Service employees, or between any such labor organizations, may be brought in any district court of the United States." 39 U.S.C. § 1208(b). By its language, section 1208(b) says that the appropriate litigants in such a case are the Postal Service and labor unions. The Seventh Circuit and some district courts have characterized this as a "jurisdictional" limitation, *Thoele v. U.S. Postal Serv.*, 996 F. Supp. 818, 820 (N.D. Ill. 1998) (citing *Pierce v. Commonwealth Edison Co.*, 112 F.3d

3

893, 895 (7th Cir. 1997)), though it's not entirely clear that is what it is or whether the Postal Service's objection is properly considered as involving Holmes's "standing." *See generally McGarry & McGarry, LLC v. Bankr. Mgmt. Sols., Inc.*, 561 U.S. 247, 254 (2010) (differentiating between whether the plaintiff is the proper party to bring a suit and "standing" strictly speaking).

Irrespective of the appropriate characterization, however, the statutory language indicates that Holmes is not a proper plaintiff in a suit to enforce a CBA covering postal workers. Under the law, an exception allows an individual employee like Holmes to sue an employer for breach of a CBA "'provided the employee can prove that the union as bargaining agent breached its duty of fair representation in its handling of the employee's grievance.'" *Melendy v. U.S. Postal Serv.*, 589 F.2d 256, 260 (7th Cir. 1978) (citing *Vaca v. Sipes*, 386 U.S. 171, 186 (1967)). But in his complaint, Holmes does not allege, or even imply, that the union breached its duty of fair representation in handling his grievance. He alleges only that he asked the union to "submit the dispute to resolution or arbitration in accordance with the terms of the contract, *but Defendant United States Postal Service refused*." Compl. ¶ 35 (emphasis added). This indicates that it was the Postal Service's refusal, rather than any breach of duty by the union, that prevented Holmes's grievance from going to arbitration.

For these reasons, Holmes cannot appropriately bring a claim for breach of the CBA under section 1208(b). His complaint is subject to dismissal on this basis. The Court will nonetheless address the Postal Service's remaining grounds for dismissal for the sake of completeness.

4

**B.      Statute of limitations**

The Postal Services also argues that even if Holmes may assert a claim under section 1208(b) for breach of the CBA, his complaint is subject to dismissal because it time-barred.

The National Labor Relations Act (NLRA), 29 U.S.C. § 160(b), establishes a six-month period to file an unfair labor practice charge. In *DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 169–70 (1983), the Supreme Court borrowed this six-month period as the limitations period for a hybrid breach of collective bargaining agreement/duty of fair representation claim under the Labor Management Relations Act (LMRA), 29 U.S.C. § 185. The Court borrowed the statutory period from the NLRA because it was the most analogous statute from which to borrow a limitations period, taking into account "the federal policies at stake and the practicalities of litigation." *Id.* at 172. The PRA, under which Holmes's suit arises, is analogous to the LMRA, which applies to the private sector. The Seventh Circuit has not yet applied the six-month statute of limitations period from 29 U.S.C. § 185 to 39 U.S.C. § 1208(b) claims, but other circuits have, as have other judges in this district. *See Trent v. Bolger*, 837 F.2d 657, 659 (4th Cir. 1988)*; Abernathy v. U.S. Postal Serv.*, 740 F.2d 612, 613 (8th Cir. 1984); *Fuqua v. U.S. Postal Serv.*, 979 F. Supp. 2d 850, 856 (N.D. Ill. 2013).

The Court finds these decisions persuasive. Specifically, "*DelCostello*'s reasoning regarding 'the policies of federal labor law and the practicalities of hybrid § 301/fair representation litigation,' which is applied to hybrid actions brought under § 29 U.S.C. § 185, applies with equal force to hybrid actions brought pursuant to § 39 U.S.C. § 1208." *Fuqua*, 979 F. Supp. 2d at 856 (quoting *DelCostello*, 462 U.S. at 165).

5

Additionally, the parallel language in 29 U.S.C. § 185 and 39 U.S.C. § 1208 indicates "that Congress intended to afford similar relief to employees of USPS as is available to employees who work under collective bargaining agreements for private employers." *Buffkin v. U. S. Postal Serv.*, No. 09 C 4735, 2010 WL 3156033, at *3 (N.D. Ill. Aug. 9, 2010).

A claim arising from the failure to arbitrate a grievance "accrues from the time a final decision on a plaintiff's grievance has been made or from the time the plaintiff discovers, or in the exercise of reasonable diligence should have discovered, that no further action would be taken on his grievance." *Fuqua*, 979 F. Supp. 2d 850, 856 (N.D. Ill. 2013) (quoting *Chapple v. Nat'l Starch & Chem. Co. & Oil*, 178 F.3d 501, 505 (7th Cir. 1999)). An attachment to Holmes's complaint reflects that he filed his grievance on October 20, 2020 and that on that date, a "first step meeting" was denied. Compl., Ex. A at 1. If that was the "final decision" on Holmes's grievance and he knew on that date no further action would be taken, then his lawsuit likely is untimely: Holmes filed suit on May 10, 2021, which is more than six months after October 20, 2020. The Court cannot determine based on Holmes's complaint alone, however, that the "first step" denial was the final decision. And the complaint is silent on whether there was further action on the grievance after that date. Nor was Holmes required to allege this; a plaintiff is not required to anticipate and "plead around" potential affirmative defenses. *See, e.g., Hyson USA, Inc. v. Hyson 2U, Ltd.*, 821 F.3d 935, 939 (7th Cir. 2016).

A Rule 12(b)(6) "motion to dismiss based on failure to comply with the statute of limitations should be granted only where the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense." *Vergara v. City of Chicago*, 939

6

F.3d 882, 886 (7th Cir. 2019) (quoting *Chi. Bldg. Design, P.C. v. Mongolian House, Inc.*, 770 F.3d 610, 613–14 (7th Cir. 2014)).  Because Holmes's complaint does not permit the Court to determine definitively when the six-month limitations period began to run, the statute of limitations is not a basis for dismissal under Rule 12(b)(6).

**C.     Claim preclusion**

The Postal Service also contends that Holmes's suit is barred by res judicata, or claim preclusion, because the dispute over custodian staffing has already been resolved by a settlement and a prior case, *Holmes I*, which was dismissed with prejudice.  "In reviewing a dismissal under Federal Rule of Civil Procedure 12(b)(6), . . . district courts ordinarily should not dismiss a complaint based on an affirmative defense such as res judicata. But when it is 'clear from the face of the complaint, and matters of which the court may take judicial notice, that the plaintiff's claims are barred as a matter of law,' dismissal is appropriate."  *Parungao v. Cmty. Health Sys., Inc.*, 858 F.3d 452, 457 (7th Cir. 2017) (quoting *Conopco, Inc. v. Roll Int'l.*, 231 F.3d 82, 86 (2d Cir. 2000)).  It is not clear from the face of Holmes's complaint that his claims are barred by the doctrine of claim preclusion, so dismissal on this basis is not appropriate.

"Res judicata, or claim preclusion, bars any claims that were litigated or could have been litigated in a previous action when three requirements are met: '(1) an identity of the causes of action; (2) an identity of the parties or their privies; and (3) a final judgment on the merits.'"  *Bell v. Taylor*, 827 F.3d 699, 706 (7th Cir. 2016) (quoting *Roboserve, Inc. v. Kato Kagaku Co.,* 121 F.3d 1027, 1034 (7th Cir. 1997)).

The problem here involves the first of the three requirements.  To establish identity of the causes of action in the first and second suits, there must be a "common

core of operative facts." *Roboserve*, 121 F.3d at 1034. It is not clear from Holmes's complaint in this case that it arises from the same core of operative facts as *Holmes I* or the class action settlement. Holmes concedes that his October 2020 grievance and present lawsuit involve "the same janitorial custodian staffing shortage issues and alleged violations of rules and regulations" as the claims in *Holmes I*. Pl.'s Mem. in Opp. to Def.'s Mot. to Dismiss ¶ 5. But it appears that Holmes's current *pro se* complaint, construed liberally, involves staffing issues that occurred after the conclusion of *Holmes I*. Holmes's current grievance, dated October 20, 2020, was submitted more than two months after the class action settlement was reached and *Holmes I* was dismissed. This suggests that the staffing issues, though similar, are not the same as those in the prior cases. Thus Holmes's complaint is not subject to dismissal based on claim preclusion at this juncture.

## Conclusion

For the foregoing reasons, the Court grants the Postal Service's motion to dismiss and directs the Clerk to enter judgment dismissing this action.

Date: October 4, 2021

_____
MATTHEW F. KENNELLY
United States District Judge